## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HARRELL, | ) | Case No. 5:24-CV-01391-JJH |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL |
| STATE OF OHIO, et al. | ) | ARMSTRONG |
| | ) | |
| Respondents. | ) | |
| | ) | **REPORT & RECOMMENDATION** |

## I.    INTRODUCTION

Petitioner, William Harrell ("Mr. Harrell"), seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Mr. Harrell was sentenced to five years in prison after pleading guilty to six counts of breaking and entering.

Mr. Harrell asserts four grounds for relief. Respondents, the State of Ohio and Warden Doug Luneke (together, "Respondents"), filed an answer/return of writ on December 13, 2024. (ECF No. 19). Mr. Harrell filed a traverse on January 15, 2025. (ECF No. 23). This matter was referred to me on October 21, 2024, under Local Rule 72.2 to prepare a report and recommendation on Mr. Harrell's petition. (*See* ECF non-document entry dated October 21, 2024). For the reasons set forth below, I recommend that Mr. Harrell's petition be DISMISSED and/or DENIED. I further recommend that the Court not grant Mr. Harrell a certificate of appealability.

## II.    RELEVANT FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, a state court's findings of fact are presumed correct and can be contravened only if the habeas petitioner shows, by

1

clear and convincing evidence, that the state court's factual findings are erroneous. 28 U.S.C.

§ 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d

524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by

a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. The Ohio

Court of Appeals for the Ninth Appellate District summarized the facts as follows:

> {¶2} Mr. Harrell was indicted in six separate criminal cases. In each case, he was charged with breaking and entering. His indictment in Criminal Case No. 2019-07-2647 alleged that his offense occurred on July 30, 2019. His indictment in Criminal Case No. 2019-09-3136 alleged that his offense occurred on September 8, 2019. His indictment in Criminal Case No. 2019-10-3397 alleged that his offense occurred on September 29, 2019. His indictment in Criminal Case No. 2020-09-2558 alleged that his offense occurred on April 24, 2020. His indictment in Criminal Case No. 2020-09-2559 alleged that his offense occurred on April 28, 2020. Finally, his indictment in Criminal Case No. 2020-09-2560 alleged that his offense occurred on April 30, 2020.

> {¶3} All six of Mr. Harrell's cases were consolidated for jury trial. On the first day of trial, a jury was empaneled, and the attorneys gave their opening statements. On the morning of the second day of trial, Mr. Harrell inquired about the possibility of a plea. A recess was taken and, when court reconvened, defense counsel notified the court that Mr. Harrell was willing to plead no contest to all charges. The trial court indicated that it would not accept pleas of no contest, however, and that the matter would proceed to trial. Mr. Harrell then interjected and told the court he would plead guilty. An additional recess ensued, and the parties notified the court that they had reached an agreement. Before releasing the jury, the trial court conducted a plea colloquy, accepted Mr. Harrell's guilty pleas, ordered a presentence investigation, and scheduled the matter for sentencing.

> {¶4} Before sentencing could occur, Mr. Harrell mailed a letter to the trial court in which he expressed his desire to withdraw his plea. The State filed a brief in opposition to the letter and, at sentencing, the court and the parties construed the letter as a presentence motion to withdraw Mr. Harrell's plea. The trial court heard arguments from defense counsel, Mr. Harrell, and the State before denying Mr. Harrell's motion to withdraw. The court sentenced Mr. Harrell on each of his counts and ordered his sentences to run consecutively for a total of five years in prison.

(ECF No. 19-1, Exhibit 15); *State v. Harrell*, Nos. 30104, 30106, 30107, 30108,

30109, 2022 WL 4233036, 2022-Ohio-3217 (9th Dist. Sept. 14, 2022).

### III.  PROCEDURAL HISTORY

#### A.  <u>State Court Conviction</u>

Mr. Harrell was indicted in the Summit County Court of Common Pleas in seven separate cases, case numbers CR 2019-07-2647, CR 2019-09-3136, CR 2019-10-3397, CR 2020-09-2455, CR 2020-09-2558, CR 2020-09-2559, and CR 2020-09-2560. (ECF No. 19-1, Exhibit 1). In six of the cases, Mr. Harrell was charged with one fifth-degree felony count of breaking and entering in violation of O.R.C. §§ 2911.13(A) and 2911.13(C). *Id*.[1] In the seventh case, he was charged with one second-degree felony count of felonious assault in violation of O.R.C. §§ 2903.11(A)(2) and 2903.11(D)(1)(A). *Id*. On May 5, 2021, the trial court dismissed the felonious assault count with prejudice at the request of the State because the State could not locate the victim. (ECF No. 19-1, Exhibit 2).

The case proceeded to trial on May 4, 2021. (ECF No. 19-1, Exhibit 3). On the second day of trial, Mr. Harrell withdrew his plea of not guilty and pled guilty in each of the six remaining cases. *Id*.

On May 17, 2021, Mr. Harrell sent a letter to the trial court indicating that he wished to withdraw his plea. (ECF No. 19-1, Exhibit 4). The State construed Mr. Harrell's letter as a motion to withdraw his plea and opposed the motion. *Id*. On June 10, 2021, the trial court denied Mr. Harrell's motion to withdraw his plea and sentenced him to an aggregate term of five years in prison. (ECF No. 19-1, Exhibit 6).

#### B.  <u>Direct Appeal</u>

On September 9, 2021, Mr. Harrell, through counsel, filed a notice of appeal to the

---

[1] The indictment in Case Number CR 2020-09-2560 does not appear in the state court record filed in this Court. Other documents indicate that Mr. Harrell was charged with one fifth-degree felony count of breaking and entering in that indictment.

Ninth Appellate District in each of the six cases. (ECF No. 19-1, Exhibit 7). Mr. Harrell also filed a motion for leave to file a delayed appeal, which the court granted on September 28, 2021. (ECF No. 19-1, Exhibits 8, 10). Mr. Harrell additionally filed a motion to consolidate the appeals, which the Ninth Appellate District granted as well. (ECF No. 19-1, Exhibits 9-10).

On February 6, 2022, Mr. Harrell, through new appellate counsel, filed his appellate brief, raising the following assignments of error:

1. The Trial Court Abused Its Discretion By Denying The Defendant The Opportunity To Plead No Contest.

2. The Trial Court Abused Its Discretion By Denying The Defendant The Opportunity [To] Withdraw His Plea Prior To Sentencing.

3. Whether The Defendant Was Denied His Constitutional Right to Effective Assistance of Counsel When Trial Counsel Failed To Argue Defendant's Motion to Withdraw His Pleas.

(ECF No. 19-1, Exhibit 13).

On September 14, 2022, the Ninth Appellate District affirmed the trial court's judgment in all six cases. (ECF No. 19-1, Exhibit 15). On April 4, 2023, Mr. Harrell, acting *pro se*, filed a notice of appeal to the Ohio Supreme Court. (ECF No. 19-1, Exhibit 16). Mr. Harrell also filed a motion for leave to file a delayed appeal, arguing that he did not receive a copy of the Ninth Appellate Court's decision until October 24, 2022, and that his prior appellate counsel failed to timely inform him of the decision. (ECF No. 19-1, Exhibit 17). On June 6, 2023, the Ohio Supreme Court denied Mr. Harrell's motion for leave to file a delayed appeal and dismissed the appeal. (ECF No. 19-1, Exhibit 60; *State v. Harrell*, 2023-Ohio-1830).

**C.  Rule 26(A) Motion for Leave to File Delayed Motion for Reconsideration**

On November 17, 2022, Mr. Harrell, acting *pro se*, filed a motion for leave to file a delayed motion for reconsideration pursuant to Ohio Appellate Rule 26(A). (ECF No. 19-1, Exhibit 20). In his motion, Mr. Harrell argued that he was deprived of his rights to: (1) due process; (2) a jury trial; (3) confront the witnesses against him; (4) effective assistance of counsel; (5) a speedy trial; and (6) freedom from cruel and unusual punishment. *Id*. On December 1, 2022, the Ninth Appellate District denied Mr. Harrell's motion as untimely. (ECF No. 19-1, Exhibit 23).

On February 6, 2023, Mr. Harrell filed a revised motion for leave to file a delayed application for reconsideration pursuant to Rule 26(A). (ECF No. 19-1. Exhibit 26). On March 20, 2023, the Ninth Appellate District denied Mr. Harrell's revised motion. (ECF No. 19-1, Exhibit 35).

**D.  Rule 26(B) Application to Reopen Appeal**

On January 19, 2023, Mr. Harrell, acting *pro se*, filed a delayed application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 19-1, Exhibit 24). In his application, Mr. Harrell asserted the following assignments of error:[2]

1.  Appellate counsel abused his discretion by failing to address A major point of error in which trial counsel made no attempt to provide the defendant with any defense! Violating his 6th Constitution Right.

2.  Appellate counsel abused his discretion by failing to address A significant Point of Error being the defendant was denied "Due Process" because of the excessive amount of Pre-Trial hearings the defendant was harassed with plea offers.

3.  Appellate counsel abused his discretion by failing to address a major point or error being the trial court did not follow "Proper Procedure" when the defendant addressed the court and noted that prosecution both violated his right to

---

[2] Mr. Harrell's assignments of error are presented verbatim.

5

Attorney-Client Privilege & committed an act of prosecutorial misconduct with that same information!

4. Appellate counsel abused his discretion by failing to first contact and/or consult with the defendant before filing his appeal and subsequently failing to use all the information available to him during oral arguments.

5. The Trial Court abused its discretion by refusing to rule on the defendants Petition to Vacate or Set Aside Judgment of Conviction or Sentence R.C. 2953.21(A)(2) Pro-Se

6. The Appellant Court abused its discretion by both writing and posting false information to the record in its Ruling.

*Id*. On January 26, 2023, the Ninth Appellate District denied Mr. Harrell's Rule 26(B) application as untimely. (ECF No. 19-1, Exhibit 25).

**E.  Motion for Leave to File Delayed Appeal**

On February 17, 2023, Mr. Harrell filed a motion for leave to file a delayed appeal pursuant to Ohio Appellate Rule 5(A). (ECF No. 19-1, Exhibit 28). On February 27, 2023, the State moved to strike Mr. Harrell's motion because his direct appeal had already been decided. (ECF No. 19-1, Exhibit 29). On March 8, 2023, the Ninth Appellate District entered a Magistrate's Order denying Mr. Harrell's motion because the Ninth Appellate District had already entered judgment in Mr. Harrell's direct appeals. (ECF No. 19-1, Exhibit 34).

**F.  Post-Conviction Petition**

On February 17, 2022, Mr. Harrell filed a petition for post-conviction relief in the trial court pursuant to O.R.C. § 2953.21(A)(2). (ECF No. 19-1, Exhibit 36). In his petition, Mr. Harrell argued that he received the ineffective assistance of counsel in violation of his rights under the Sixth Amendment. On November 28, 2022, the trial court denied Mr. Harrell's petition, holding that Mr. Harrell's claim was barred by res judicata and that he failed to meet his burden to show substantive grounds for relief. (ECF No. 19-1, Exhibit 45). Mr. Harrell did not appeal the trial court's decision.

**G.  <u>State Habeas Petition</u>**

On June 20, 2023, Mr. Harrell, acting *pro se*, filed a petition for a writ of habeas corpus in the Ohio Supreme Court. (ECF No. 19-1, Exhibit 46). In his petition, Mr. Harrell asserted that a number of his rights had been violated, including: (1) his Fifth Amendment right to due process; (2) his Fifth Amendment right against self-incrimination; (3) his Sixth Amendment right to a trial by jury; (4) his Sixth Amendment rights to confront adverse witnesses, to the effective assistance of counsel, and to a speedy trial; and (5) his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. On August 1, 2023, the Ohio Supreme Court *sua sponte* dismissed Mr. Harrell's petition. (ECF No. 19-1, Exhibit 47).

**H.  <u>Federal Habeas Action</u>**

On December 18, 2023, Mr. Harrell, acting *pro se*, filed a complaint against the State of Ohio, Warden Luneke, and others in the United States District Court for the Southern District of Ohio. (ECF No. 1). On December 21, 2023, the Clerk of Court entered an order directing Mr. Harrell to specify whether he intended to file a petition for a writ of habeas corpus or a prisoner civil rights complaint. (ECF No. 2). Mr. Harrell clarified that he intended to file a habeas petition rather than a prisoner civil rights complaint. (ECF No. 7). He filed his 28 U.S.C. § 2254 habeas petition on January 29, 2024, which asserts four grounds for relief[3]:

1.  Ineffective Assistance of Counsel.

    <u>Supporting Facts</u>: Repeated neglect of my legal problems compounded with a violation of my attorney client communications.

2.  Due Process.

    <u>Supporting Facts</u>: Repeated neglect of legal problems.

---

[3] Mr. Harrell's grounds for relief are presented verbatim.

3. Self-Incrimination.

   Supporting Facts: I was threaten during a pause in proceeding at trial with being charged with an additional offense with upgraded charge being burglary due to female juror comments.

4. Confrontation of Adverse Witnesses.

   Supporting Facts: Trial counsel refused to contact or subpoena the witnesses I asked for to be present at trial and called to testify.

(ECF No. 7).

On February 7, 2024, United States Magistrate Judge Peter B. Silvain, Jr. of the Southern District of Ohio transferred Mr. Harrell's petition to this Court pursuant to 28 U.S.C. § 2241(d) and Southern District of Ohio Local Rule 82.1(f) because the Summit County Court of Common Pleas, which is located in the territory covered by the Northern District of Ohio, entered the judgment at issue against Mr. Harrell. (ECF No. 9).

Respondents filed an answer/return of writ on December 13, 2024. (ECF No. 19). On January 15, 2025, Mr. Harrell filed his traverse. (ECF No. 23).

## IV. STANDARDS OF REVIEW AND GOVERNING LAW

### A. Jurisdiction

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). The Summit County Court of Common Pleas sentenced Mr. Harrell, and the Court takes judicial notice that Summit County is within this Court's geographic jurisdiction. Accordingly, this

Court has jurisdiction over Mr. Harrell's § 2254 petition.

### B.  Exhaustion and Procedural Default

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). A claim is fairly presented when it has been asserted as a federal constitutional issue at every

9

stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

The Sixth Circuit has developed a four-part test to determine whether a procedural default precludes a federal court from reaching a petitioner's claim: (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with; (2) whether the state court "actually enforced" the state procedural rule; (3) whether the rule is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the procedural rule and actual prejudice from the alleged constitutional error. *Barton v. Warden, Southern Ohio Corr. Facility*, 786 F.3d 450, 464 (6th Cir. 2015) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). These factors are commonly known as the "*Maupin*" factors.

As the fourth *Maupin* factor indicates, if a procedural default has occurred, the default can be excused and will not preclude consideration of a claim on federal habeas review if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

**C. Cognizable Federal Claim**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

10

States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Glaze v. Morgan,* No. 1:19-CV-02974, 2022 WL 467980, at *4 (N.D. Ohio Jan. 18, 2022) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quotation omitted). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

### D.  AEDPA Standard of Review

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

11

(*Id.*)

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.*

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id.* Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## V.  ANALYSIS

Mr. Harrell asserts four grounds for relief. Respondents argue that Mr. Harrell procedurally defaulted on each of his claims and that these claims fail on the merits. I agree with Respondents on both arguments.

**A.** **Ground One: Ineffective Assistance of Counsel**

In his first ground for relief, Mr. Harrell argues that he received the ineffective assistance of trial counsel in violation of his Sixth Amendment rights. Respondents argue that Mr. Harrell procedurally defaulted on his claim and that the claim fails on the merits. I agree with Respondents on both arguments.

**1.** *Procedural Default*

Mr. Harrell timely presented an ineffective assistance of trial counsel claim in his direct appeal to the Ninth Appellate District. (ECF No. 19-1, Exhibit 13). After the Ninth Appellate District rejected Mr. Harrell's appeal, however, he failed to appeal the decision to the Ohio Supreme Court within 45 days, as required under Ohio Supreme Court Rule of Practice 7.01(A)(1). The Ohio Supreme Court enforced its procedural rule when it denied Mr. Harrell's motion for leave to file a delayed appeal and dismissed the appeal. (ECF No. 19-1, Exhibit 60; *State v. Harrell*, 2023-Ohio-1830).

It is well-settled that the Ohio Supreme Court's enforcement of the timeliness requirement in Rule 7.01(A)(1) constitutes an independent and adequate state ground that precludes habeas review under *Maupin*. *See Prieto v. Schweitzer*, 4:18CV00222, 2019 WL 2605639, at *6 (N.D. Ohio May 31, 2019) ("The Court finds Prieto's failure to timely appeal to the Supreme Court of Ohio, in conjunction with that court's denial of his Motion for Delayed Appeal, resulted in procedural default.") (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)), *report and recommendation adopted*, 2021 WL 147049 (N.D. Ohio Jan. 15, 2021); *Davenport v. Fender*, No. 1:20-CV-0561, 2023 WL 1785492, at *13 (N.D. Ohio Jan. 5, 2023) (holding that Ohio Supreme Court's denial of motion for leave to file delayed appeal constituted adequate and independent state ground under *Maupin* and resulted in procedural default), *report and recommendation adopted*, 2023 WL 1782121 (N.D. Ohio Feb. 6, 2023).

14

Mr. Harrell also raised an ineffective assistance of trial counsel claim in his petition to vacate his sentence, which he filed in the trial court on February 17, 2022. (ECF No. 19-1, Exhibit 36). However, the trial court denied Mr. Harrell's petition because, among other reasons, his claims were barred by the doctrine of res judicata. (ECF No. 19-1, Exhibit 45). The Sixth Circuit has "repeatedly held that Ohio's *res judicata* rule is an adequate and independent state procedural ground for purposes of procedural default." *Wogenstahl v. Mitchell*, 668 F.3d 307, 341 (6th Cir. 2012); *see also Hand v. Houk*, 871 F.3d 390, 409 (6th Cir. 2017) ("We have previously held that an Ohio court's application of the *res judicata* doctrine is an adequate and independent state ground that bars federal habeas relief."). In addition, Mr. Harrell did not appeal the trial court's decision to the Ninth Appellate District or the Ohio Supreme Court, and thus failed to fairly present the claim at all levels of the state court review process. *See O'Sullivan*, 526 U.S. at 845. As a result, Mr. Harrell procedurally defaulted on his first ground for relief.

Mr. Harrell's procedural default can be excused if he demonstrates either cause and prejudice or that failure to consider his claim would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Mr. Harrell argues that cause exists because his appellate counsel failed to timely notify him of the Ninth Appellate District's decision.

Ineffective assistance of appellate counsel can constitute a basis to excuse a procedural default in some circumstances. *See Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013). "However, 'an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.'" *Id*. (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). As Respondents correctly argue, the Ninth Appellate District refused to consider Mr. Harrell's Rule 26(B) application, in which he raised an

ineffective assistance of appellate counsel claim, because Mr. Harrell's application was untimely. (ECF No. 19-1, Exhibit 25). "[V]iolation of the timeliness requirements of an application for reopening . . . constitute[s] [an] adequate and independent state ground[] to preclude hearing an untimely claim on the merits." *Baker v. Bradshaw*, 495 F. App'x 560, 565 (6th Cir. 2012) (quotations omitted). Because Mr. Harrell procedurally defaulted on his ineffective assistance of appellate counsel claim, it cannot serve as cause to excuse his procedural default.

Even if Mr. Harrell had not procedurally defaulted on his ineffective assistance of appellate counsel claim, the claim would not excuse his procedural default. "[I]n order to demonstrate that he suffered prejudice as a result of this failure of counsel, a defendant must demonstrate that he 'would have timely appealed' to the Ohio Supreme Court had he received timely notice." *Calhoun v. Kelly*, No. 1:10 CV 2083, 2012 WL 629722, at *2 (N.D. Ohio Feb. 24, 2012) (quoting *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 435 (6th Cir. 2006)). "[I]f the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing an appeal—here, forty-five days—the defendant fails to demonstrate that he or she 'would have timely appealed' the decision but for the counsel's deficient failure to notify the defendant of the decision." *Smith*, 463 F.3d at 435 (emphasis omitted).

By Mr. Harrell's own admission, his counsel sent him a copy of the Ninth Appellate District's decision on October 24, 2022. (ECF No. 19-1, Exhibit 17, PageID # 315). However, Mr. Harrell did not file his Rule 26(B) application until January 19, 2023, well after the deadline to file the application had passed. (ECF No. 19-1, Exhibit 24). Mr. Harrell waited even longer to file his motion for a delayed appeal to the Ohio Supreme Court, as he did not

file the motion until April 4, 2023. (ECF No. 19-1, Exhibit 17). Mr. Harrell thus cannot show that he would have timely appealed the Ninth Appellate District's decision had his appellate counsel promptly notified him of the decision, and his appellate counsel's alleged ineffectiveness cannot constitute cause to excuse his procedural default. *See Calhoun*, 2012 WL 629722 at *2 (holding that petitioner did not demonstrate cause to excuse procedural default where petitioner waited more than 45 days after allegedly receiving belated notice of appellate decision to file motion for delayed appeal in Ohio Supreme Court); *Davidson v. Warden, Warren Corr. Inst.*, No. 2:18-CV-00495, 2019 WL 1109566, at *5 (S.D. Ohio Mar. 11, 2019) (holding that attorney's alleged failure to timely notify petitioner of appellate decision did not constitute cause to excuse procedural default where petitioner received notice before deadline to appeal expired and waited 91 days to file motion for delayed appeal).

Finally, Mr. Harrell argues that his procedural default should be excused because he is actually innocent of the relevant offenses. However, Mr. Harrell has not offered new, reliable evidence not presented at trial to support his actual innocence claim. *See Schlup*, 513 U.S. at 324. As a result, I recommend that the Court dismiss his first ground for relief as procedurally defaulted.

## 2. *Merits*

Alternatively, I recommend that the Court deny Mr. Harrell's first ground for relief on the merits. In his various filings, Mr. Harrell argues that his trial counsel was ineffective in a number of ways, including: (1) failing to file pretrial motions, including motions to dismiss and motions to suppress; (2) allegedly disclosing attorney-client privileged information to the prosecution; (3) failing to object when the prosecution referred to that information during opening statements; (4) failing to obtain witnesses and subpoena records that would support Mr. Harrell's defense; (5) failing to request a continuance after a juror

17

reported that a break-in occurred at her place of work near where the robberies at issue took place and that video of the perpetrator existed; and (6) failing to adequately represent Mr. Harrell in connection with his plea and permitting Mr. Harrell to be coerced into accepting the plea.

Many of Mr. Harrell's arguments involve his counsel's performance on matters predating his guilty plea, and Mr. Harrell waived those arguments by pleading guilty. "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (quoting *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir. 1991)). This is so because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

> *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

*Tollett* extends to counsel's alleged ineffectiveness on matters predating the plea. *See McDaniel v. Walters*, No. 3:22-CV-02051-DAR, 2025 WL 316322, at *9 (N.D. Ohio Jan. 28, 2025) (report and recommendation) ("a knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea") (citing *United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001)); *Flores v. Turner*, No. 3:19-CV-02608, 2023 WL 4746323, at *11 (N.D. Ohio Jan. 13, 2023) (holding that petitioner's guilty plea barred ineffective assistance of counsel claim where claim was based on actions taken during pre-plea period), *report and recommendation adopted*, 2023 WL 4744277 (N.D. Ohio July 25, 2023). Thus, to the extent Mr. Harrell argues that his trial counsel was ineffective in failing to file pretrial motions, subpoena evidence, locate favorable witnesses, or object to the

prosecution's use of allegedly privileged information, Mr. Harrell has waived those arguments.

Mr. Harrell also argues that his counsel provided ineffective assistance in connection with the plea process itself. In particular, he asserts that his counsel failed to advocate for Mr. Harrell and instead left Mr. Harrell to argue that he was being coerced into taking a plea. Mr. Harrell's challenge to his counsel's performance in connection with the plea itself is not waived, and I will address his argument on the merits.

A petitioner claiming ineffective assistance of counsel must show that: (1) counsel's representation "fell below an objective standard of reasonableness," such that he was not performing as counsel guaranteed under the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under the first prong, the petitioner must overcome the "strong[] presum[ption that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. For prejudice, the petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The *Strickland* standard is "extremely deferential" because "'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017) (quoting *Strickland*, 466 U.S. at 690). "[T]he goal is not to ensure that a criminal defendant be afforded perfect counsel, but rather 'to ensure that the adversarial testing process works to produce a just result under the standards governing decision." *Id*. (quoting *Strickland*, 466 U.S. at 687).

*Strickland* applies at the guilty plea stage. Indeed, the Supreme Court has held that, "[b]efore deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To prevail on a *Strickland* claim in the guilty plea context, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In the Sixth Circuit, a petitioner 'cannot make that showing merely by telling [the court] now that she would have gone to trial then if she had gotten different advice.'" *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (quoting *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012)). Rather, the petitioner must demonstrate that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. The test is an objective one, made "without regard for the idiosyncrasies of the particular decisionmaker." *Hill*, 474 U.S. at 59-60 (quotations omitted). "The rationality of such a rejection is typically based on multiple factors, including the strength of the evidence against a defendant, the lack of viable defenses, and the benefits of the plea bargain." *Plumaj v. Booker*, 629 F. App'x 662, 667 (6th Cir. 2015) (citing *Pilla*, 668 F.3d at 373).

Mr. Harrell raised his ineffective assistance of counsel argument before the Ninth Appellate District, which addressed it on the merits. Where a state court reaches the merits of an ineffective assistance of counsel claim, federal habeas courts provide an additional layer of AEDPA deference to that adjudication under § 2254(d). *See Perkins v. McKee,* 411 F. App'x 822, 828 (6th Cir. 2011). The Sixth Circuit has emphasized the double layer of deference that federal courts must give state courts in reviewing federal ineffective assistance

of counsel claims under AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. … An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. … Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

> *Id*. (quoting *Harrington,* 131 S.Ct. 770, 786-88).

In rejecting Mr. Harrell's argument that he received the ineffective assistance of trial counsel, the Ninth Appellate District held as follows:

> {¶22} "A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea." *Troyer*, 2022-Ohio-1903, at ¶ 17. To prove ineffective assistance of counsel, a defendant must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (*Strickland* test applies when a defendant challenges the effectiveness of counsel in connection with a guilty plea). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. "A defendant who has pleaded guilty must demonstrate prejudice by showing 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v. Bloodworth*, 9th Dist. Summit No. 29025, 2019-Ohio-1222, ¶ 4, quoting *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 89, quoting *Lockhart* at 59.

> {¶23} Mr. Harrell argues that he received ineffective assistance of counsel because his counsel did not argue zealously on his behalf in favor of his initial attempt to plead no contest and his later attempt to withdraw his guilty pleas. He notes that his counsel "ceded the role of advocate to [him] on multiple occasions" and stood by silently while he "engaged in lengthy discourse and argument to the trial judge." According to Mr. Harrell, this matter "might have had a different outcome" if his counsel had advocated on his behalf. He also argues that his counsel's failure to effectively advocate "may * * * have played a role in his feeling of being coerced into taking a plea he did not agree to."

21

{¶24} Mr. Harrell's arguments regarding the prejudice prong of *Strickland* are specious at best. The thrust of his argument appears to be that, had his counsel argued more effectively on his behalf, he would have prevailed on the merits of his arguments (i.e., that he would have been permitted to plead no contest or to withdraw his pleas). In the context of a guilty plea, however, "'ineffective assistance will only be found to have affected the validity of [a] plea when it precluded the defendant from entering the plea knowingly and voluntarily.'" *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17 (9th Dist.), quoting *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 55. That is because guilty pleas waive "issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea." *Troyer* at ¶ 17. Mr. Harrell has made no attempt to explain why his pleas were not knowingly and voluntarily entered. See App.R. 16(A)(7); *State v. Neitz*, 9th Dist. Medina No. 18CA0024-M, 2019-Ohio-439, ¶ 9. Though his brief includes statements that he pleaded guilty because he felt coerced, he has not developed those arguments in the context of ineffective assistance of counsel. His vague assertion that his counsel's failure to advocate more effectively on his behalf "may * * * have played a role in his feeling of being coerced" is insufficient to establish that his pleas were involuntary. As previously noted, Mr. Harrell had a full hearing before entering his pleas and specifically acknowledged that his pleas were not the result of any force, threats, or promises. This Court will not construct an argument on Mr. Harrell's behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Because he has not established that he sustained prejudice as a result of any allegedly deficient performance on the part of his counsel, this Court rejects his ineffective assistance of counsel argument. *See Neitz* at ¶ 9; *State v. Tyburski*, 9th Dist. Lorain No. 18CA011291, 2018-Ohio-4248, ¶ 17. Mr. Harrell's third assignment of error is overruled.

(ECF No. 19-1, Exhibit 15).

Applying the double layer of deference under AEDPA, the Ninth Appellate District's holding was not contrary to or an unreasonable application of governing law. The Ninth Appellate District applied the correct legal standard, citing *Strickland* and cases holding that a defendant has the right to the effective assistance of counsel at the plea stage. The Ninth Appellate District also reasonably concluded that Mr. Harrell failed to show either that his trial counsel's allegedly deficient performance during the plea hearing led him to accept a plea that he otherwise would have rejected or that the trial court would have granted his motion to withdraw his plea had his counsel been more effective. And because the Ninth Appellate District did not err in holding that Mr. Harrell failed to demonstrate prejudice under

*Strickland*, I need not consider whether his counsel's performance was deficient. *See Strickland*, 466 U.S. at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies"). Accordingly, I alternatively recommend that the Court deny Mr. Harrell's first ground for relief on the merits.

**B.  <u>Ground Two: Due Process</u>**

In his second ground for relief, Mr. Harrell argues that his due process rights under the Fifth and Fourteenth Amendments were violated. Mr. Harrell's due process claim appears to have three components: (1) he was coerced into accepting the plea; (2) his counsel refused to file pretrial motions and briefs; and (3) he was denied access to the trial transcripts during his direct appeal. Respondents again argue that Mr. Harrell procedurally defaulted on this claim in its entirety and that it is without merit. I will address each argument in turn.

**1.  *Procedural Default***

"[F]ederal courts ordinarily may not 'consider a claim in a *habeas* petition that was not "fairly presented" to the state courts' absent cause and prejudice to excuse the procedural default." *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 751 (6th Cir. 2021) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). "[I]t does not suffice to only present the claim to a state trial court; rather, the petitioner must raise the claim in state court and 'pursue [it] through the state's ordinary appellate review procedures." *Id*. at 751-52 (quoting *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009)). "To determine whether a petitioner has fairly presented a claim in state court, [a court] ask[s] whether the petitioner: (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts

well within the mainstream of constitutional law." *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

Respondents argue that Mr. Harrell did not fairly present his due process claim because he did not raise it in his direct appeal to the Ninth Appellate District. To the extent Mr. Harrell's claim is based on his counsel's failure to file pre-trial motions or the failure to provide him with a transcript of the trial proceedings, Respondents are correct, as Mr. Harrell's appellate brief omits both arguments. With respect to Mr. Harrell's argument that his plea was not knowing and voluntary, however, Respondents' argument is not well-taken. In his brief to the Ninth Appellate District, Mr. Harrell specifically argued that he was coerced into accepting the plea and that his plea was not voluntary in light of the trial judge's alleged conduct. (ECF No. 19-1, Exhibit 13, PageID # 270-74). In support of his argument, Mr. Harrell cited *State v. Byrd*, 63 Ohio St. 2d 288 (1980), which itself cited the Fifth Amendment and relied on federal cases discussing the constitutional requirement that a plea be knowing and voluntary. *Id*. at 291-94. As a result, I conclude that Mr. Harrell fairly presented his involuntary plea claim to the Ninth Appellate District.

Respondents are nonetheless correct, however, that Mr. Harrell procedurally defaulted on his claim. As with his first ground for relief, Mr. Harrell failed to timely appeal the Ninth Appellate District's decision to the Ohio Supreme Court, and the Ohio Supreme Court applied a state procedural bar when it denied Mr. Harrell's motion for leave to file a delayed appeal. (ECF No. 19-1, Exhibit 60; *State v. Harrell*, 2023-Ohio-1830). As discussed above, the Ohio Supreme Court's denial of Mr. Harrell's motion for leave to file a delayed appeal results in a procedural default.

Mr. Harrell attempted to challenge the voluntariness of his plea in several subsequent

24

filings, including his Rule 26(A) motion for reconsideration, his motion for leave to file a delayed appeal to the Ninth Appellate District, and his state court habeas petition. (ECF No. 19-1, Exhibits 20, 28, 46). However, the Ninth Appellate District denied Mr. Harrell's Rule 26(A) motion and motion for leave to file a delayed appeal on procedural grounds. (ECF No. 19-1, Exhibits 23, 34). Moreover, while the Ohio Supreme Court did not explain the basis for dismissing Mr. Harrell's state court habeas petition, the petition could not preserve Mr. Harrell's claim, as a habeas petition is not a valid mechanism to raise a non-jurisdictional challenge to a conviction under Ohio law. *See Brundage v. Watson*, No. 5:22-CV-02086-BYP, 2025 WL 277755, at *7 (N.D. Ohio Jan. 23, 2025) (report and recommendation) (holding that state court habeas petition could not "save [petitioner's] claims from procedural default" because "Ohio's writ does not permit non-jurisdictional claims . . . when there is an adequate legal remedy such as an appeal or postconviction petition").

Mr. Harrell also has not established cause and prejudice to excuse his procedural default. For the reasons discussed above, he cannot rely on any alleged ineffective assistance of appellate counsel, as Mr. Harrell procedurally defaulted on his ineffective assistance of appellate counsel claim by failing to timely file his Rule 26(B) application. Mr. Harrell has not offered any other basis to excuse his default and has not shown that he is actually innocent of the charged offenses. Accordingly, I recommend that the Court dismiss Mr. Harrell's second ground for relief as procedurally defaulted. In an abundance of caution, I will also examine Mr. Harrell's due process claim on the merits.

### 2. *Merits*

The Fifth Amendment provides in relevant part that no person "shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. V. "[D]enial of due process is the failure to observe that fundamental fairness essential to the very concept

of justice." *Stumpf v. Robinson*, 722 F.3d 739, 748 (6th Cir. 2013) (quoting *Lisenba v. California*, 314 U.S. 219, 236 (1941)). "The Supreme Court has long held that this general text has 'limited operation' in criminal contexts because of the many other guarantees that the Bill of Rights gives to criminal defendants." *Fields v. Jordan*, 86 F.4th 218, 235 (6th Cir. 2023) (quoting *Medina v. California*, 505 U.S. 437, 443 (1992)). "If these express protections do not apply, due process bars only those practices that 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Id*. (quoting *Medina*, 505 U.S. at 445).

Judged against that exacting standard, Mr. Harrell's due process claim fails as a matter of law. He first argues that his due process rights were violated when his trial counsel failed to file various pretrial motions. As discussed above, however, Mr. Harrell's guilty plea bars him from asserting that argument in this proceeding because it relates solely to an issue that predates his plea. *See Tollett*, 411 U.S. at 267.

Mr. Harrell's argument that the Ohio courts violated his due process rights by failing to provide him with trial transcripts during his direct appeal similarly fails. The Supreme Court "has never held that the absence of a portion of a trial transcript automatically entitles the defendant to a retrial." *Jackson v. Renico*, 179 F. App'x 249, 252 (6th Cir, 2006). Moreover, "[t]he Sixth Circuit has ruled that a state prisoner seeking federal habeas relief must demonstrate prejudice due to a missing transcript before a constitutional violation of a right to a fair trial will be found." *Herron v. Kelly*, No. 1:10CV1783, 2013 WL 3245326, at *11 (N.D. Ohio June 26, 2013). "A petitioner's 'failure to show nothing more than "rank speculation" that the transcripts were necessary to a fair appeal precludes any finding of a constitutional violation' to support a habeas proceeding." *Id*. at *11 (quoting *Glover v.*

26

*Littlefield*, No. 93-3949, 1994 WL 315228, at *2 (6th Cir. June 29, 1994)).

Mr. Harrell cannot show the requisite prejudice here. He does not argue that the State failed to provide him or his counsel with transcripts necessary to prosecute his direct appeal. Instead, he argues that his appellate counsel failed to provide Mr. Harrell with the transcripts for his own review. There is no suggestion that Mr. Harrell's counsel was prevented from making any arguments because of missing trial transcripts. Nor does Mr. Harrell cite any cases for the proposition that his own counsel's alleged failure to give him a copy of the transcripts constitutes a due process violation that would warrant habeas relief.

That leaves Mr. Harrell's argument that his plea was involuntary, which Mr. Harrell did not waive through his plea. *See Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) ("after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself"). "[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). The validity of the plea must be determined from the "totality of the circumstances surrounding the plea." *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady*, 397 U.S. 747).

When a habeas petitioner challenges the validity of his plea, "the state generally satisfies its burden [to show that the plea was voluntary and intelligent] by producing a transcript of the state court proceeding," *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The state court's factual finding that the plea was proper is accorded a presumption of correctness unless the transcript is inadequate to show that the plea was voluntary and intelligent. *Id*. at 326-327; *see* U.S.C. § 2254(e)(1). The petitioner must overcome a heavy

burden if a federal habeas court is to overturn a state court finding that he made a knowing and voluntary plea. *Parke v. Raley*, 506 U.S. 20 (1992); *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir.1989).

The Ninth Appellate District rejected Mr. Harrell's argument that his plea was coerced on the merits, holding as follows:

{¶11} Crim.R. 32.1 provides for the withdrawal of a guilty plea prior to sentencing. Though a presentence motion to withdraw "'should be freely and liberally granted,'" there is no "'absolute right to withdraw a plea prior to sentencing.'" *State v. Youmans*, 9th Dist. Summit No. 29395, 2020-Ohio-1097, ¶ 8, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "The trial court must conduct a hearing to determine whether the defendant has demonstrated a reasonable and legitimate basis to withdraw the plea * * *." *State v. Braley*, 9th Dist. Summit No. 29834, 2022-Ohio-2489, ¶ 5. The nature and scope of that hearing is left to the sound discretion of the trial court. *Id.*

{¶12} "[A] defendant bears the burden of demonstrating that there is a reasonable and legitimate basis for withdrawing [his] plea." *State v. Troyer*, 9th Dist. Wayne No. 21AP0051, 2022-Ohio-1903, ¶ 7. The determination of whether to grant a presentence motion to withdraw a plea is entrusted to the discretion of the trial court, and this Court will review that decision for an abuse of discretion. *See Xie* at paragraph two of the syllabus. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore*, 5 Ohio St.3d at 219.

{¶13} A trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when:

(1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

*State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10. The trial court must take into consideration "'the facts and circumstances of each case.'" *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 22, quoting *Pamer* at ¶ 11. Additional factors the court may consider include:

(1) prejudice that may be suffered by the State, (2) the adequacy of representation afforded to the defendant, (3) the character of the underlying plea hearing, (4) the scope of the trial court's consideration of the motion to withdraw, (5) the timing of the motion, (6) the reasons articulated in the motion to withdraw, (7) the defendant's understanding of the nature of the charges and the

potential sentences, and (8) whether the defendant may have been not guilty of the offense or had a complete defense.

*Braley* at ¶ 7. "This Court has consistently noted that '[a] mere change of heart" does not justify the withdrawal of a guilty plea." *Troyer* at ¶ 8, quoting *State v. West*, 9th Dist. Summit No. 28668, 2017-Ohio-8474, ¶ 7.

{¶14} Mr. Harrell concedes that he received a full hearing before entering his pleas as well as a hearing on his presentence motion to withdraw his pleas. He also concedes that he was represented by counsel at both hearings. Mr. Harrell argues that a reasonable and legitimate basis existed for the withdrawal of his pleas because they were coerced, the trial court improperly participated in the plea negotiation process, and his counsel failed to effectively argue on his behalf. Because ineffective assistance of counsel is the subject of Mr. Harrell's third assignment of error, this Court will reserve its discussion on that point herein and address Mr. Harrell's arguments about his trial counsel in the context of his third assignment of error.

{¶15} As previously noted, Mr. Harrell did not enter his pleas until the second day of trial. Before plea discussions ensued, defense counsel informed the trial court that Mr. Harrell had filed a grievance against the assistant prosecutor based on his belief that she had violated his right to counsel. Mr. Harrell then addressed the court directly. He indicated that the assistant prosecutor had made statements on the record about certain facts that were only known to him and his counsel. Those facts pertained to a charge of felonious assault that had been dismissed and was not at issue. Mr. Harrell asked the court to dismiss his charges because they were all being tried together at the time of the assistant prosecutor's alleged misconduct. Once the trial court explained why it would not be dismissing the case, Mr. Harrell asked whether he could plead to a sentence of community control or time at a community-based correctional facility. The trial court informed him that his charges would not support a sentence of that nature. Following additional discussions on an unrelated matter, defense counsel indicated that Mr. Harrell would be willing to plead no contest to all six of his charges.

{¶16} The trial court immediately informed the parties that it would not accept no contest pleas from Mr. Harrell. In response, Mr. Harrell stated: "You want me to plead guilty? Fine. I'll do it." A brief exchange then ensued, followed by a break in the proceedings. Defense counsel ultimately informed the trial court that the parties had reached an agreement and Mr. Harrell was willing to plead guilty to each of his charges. The record supports Mr. Harrell's concession that he then received a full plea hearing. During that hearing, Mr. Harrell confirmed that his pleas were not the result of any force, threats, or promises. He also confirmed that he had been given adequate time to consult with his counsel and was satisfied with his counsel's advice.

{¶17} Mr. Harrell sought to withdraw his guilty pleas about two weeks later, and the trial court addressed his motion at the scheduled sentencing hearing. At the hearing, Mr. Harrell argued that his pleas were a product of coercion on the part of the court, the prosecutor, and defense counsel. He argued that his pleas had been coerced because, when he notified the trial court that the assistant prosecutor had violated his

29

rights, the court did not attempt to verify that fact. Mr. Harrell also accused the assistant prosecutor of lying several times during her opening statement. He told the trial court: "you had a job, and a duty, and a responsibility to verify whether my rights had been violated, but you didn't, so that make me feel like you were on [the assistant prosecutor's] side to push me into -- coercing me to plead guilty to the charges that I did not commit." He indicated that he decided to plead guilty because he knew the trial court was "going to continue to allow this prosecutor to prosecute [him] using unethical means * * *." Mr. Harrell also indicated that he felt coerced by his counsel because his counsel did not pursue certain arguments on his behalf. After listening to Mr. Harrell's arguments, hearing from the State, and referring extensively to the transcript of the plea hearing, the trial court denied Mr. Harrell's motion to withdraw his pleas.

{¶18} Having reviewed the record, this Court cannot conclude that the trial court abused its discretion when it denied Mr. Harrell's presentence motion to withdraw his guilty pleas. *See Xie*, 62 Ohio St.3d at 527. Mr. Harrell had a full plea hearing, a full hearing on his motion to withdraw, and he was represented by counsel at each hearing. *See Pamer*, 2004-Ohio-7190, at ¶ 10. Though he claims his pleas were coerced, it was Mr. Harrell who initiated plea discussions, first by asking about the possibility of pleading to specific sentences and later by indicating that he would be willing to plead guilty. The trial court was prepared to go forward with the trial if Mr. Harrell did not wish to plead, and there is no indication in the record that the court improperly engaged in plea negotiations. The trial court simply addressed the terms that would not be acceptable to it if Mr. Harrell were to plead. *See Akron v. Hendon*, 9th Dist. Summit No. 22791, 2006-Ohio-1038, ¶ 14. Moreover, during the full hearing Mr. Harrell received before entering his pleas, he specifically confirmed that his pleas were not the result of any force, threats, or promises and that he was satisfied with his counsel's advice. He gave no indication that he did not understand the implications of his pleas or that he was only pleading guilty because he felt that he would not receive a fair trial. *See Braley*, 2022-Ohio-2489, at ¶ 7.

{¶19} At the point Mr. Harrell entered his pleas, the matter was before the court on the second day of trial. All the witnesses had been subpoenaed, the jury had been empaneled, and the attorneys had given their opening statements. Thus, significant judicial resources had already been expended. Rescheduling the trial, reseating a jury, and resecuring the witnesses for each of Mr. Harrell's six criminal cases would have been an arduous task. Thus, both the timing of Mr. Harrell's motion and the resulting prejudice to the State if the matter were to be set for trial again were additional factors in support of the trial court's decision to deny Mr. Harrell's motion. *See id*.

{¶20} Upon review, the trial court did not abuse its discretion when it found that Mr. Harrell failed to establish a reasonable and legitimate basis for the withdrawal of his pleas. *See Troyer*, 2022-Ohio-1903, at ¶ 7. While Mr. Harrell may have experienced second thoughts before his sentencing, "'[a] mere change of heart' does not justify the withdrawal of a guilty plea." *Troyer*, 2022-Ohio-1903, at ¶ 8, quoting *West*, 2005-Ohio-990, at ¶ 7. The trial court's decision to deny his presentence motion to withdraw

his pleas was not unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. Accordingly, Mr. Harrell's second assignment of error is overruled.

(ECF No. 19-1, Exhibit 15).

Applying AEDPA deference, the Ninth Appellate District did not act contrary to or misapply governing law in holding that Mr. Harrell's plea was knowing and voluntary. To the contrary, my independent review of the plea transcript confirms that Mr. Harrell informed the Court that no one forced him to take the plea or induced him to do so by threats. (ECF No. 19-2, PageID # 791). Mr. Harrell further informed the Court that he was satisfied with the performance of his counsel and that he understood he was making a complete admission of guilt to the charged offenses. *Id*. at PageID # 791-92. Mr. Harrell further confirmed that he understood the constitutional rights that he was giving up by pleading guilty. *Id*. at PageID # 792. In light of his admissions during the plea hearing, Mr. Harrell has not met his heavy burden of overcoming the state court's finding that his plea was knowing and voluntary. I therefore alternatively recommend that the Court deny Mr. Harrell's second ground for relief on the merits.

### C. <u>Ground Three: Violation of Privilege Against Self-Incrimination</u>

In his third ground for relief, Mr. Harrell asserts that the trial court violated his Fifth Amendment privilege against self-incrimination. In particular, Mr. Harrell argues that, during the first day of his aborted trial, the prosecution referred to information that Mr. Harrell told his attorney in confidence. Mr. Harrell also argues that the prosecution's knowledge of those facts must have come either from the prosecution illicitly viewing a video of the conversation or from his lawyer disclosing privileged information to the prosecution. Respondents argue that Mr. Harrell's claim is procedurally defaulted and without merit. I agree.

### 1. *Procedural Default*

Respondents argue that Mr. Harrell procedurally defaulted on his third ground for relief because he did not fairly present it to the Ohio courts. I agree. Mr. Harrell did not raise a self-incrimination claim in his direct appeal to the Ninth Appellate District. (ECF No. 19-1, Exhibit 13). Nor did Mr. Harrell raise the claim in his Rule 26(A) motion for reconsideration, his Rule 26(B) application, or his petition to vacate his sentence. (ECF No. 19-1, Exhibits 20, 24, 36).

Mr. Harrell did raise a self-incrimination claim in his motion for leave to file a delayed appeal to the Ninth Appellate District and his state court habeas petition to the Ohio Supreme Court. (ECF No, 19-1, Exhibits 28, 46). However, the Ninth Appellate District applied a procedural bar when it denied Mr. Harrell's motion for leave to file a delayed appeal as procedurally improper because the court had already entered judgment on Mr. Harrell's appeal. (ECF No. 34). Mr. Harrell did not appeal that ruling to the Ohio Supreme Court. And, as discussed above, Mr. Harrell's state habeas petition does not eliminate the procedural default because habeas petitions under Ohio law cannot be used to bring non-jurisdictional challenges to a conviction. *Brundage*, 2025 WL 277755 at *7.

Mr. Harrell also has again failed to demonstrate cause and prejudice to excuse his procedural default. He cannot rely on the alleged ineffectiveness of his appellate counsel because Mr. Harrell procedurally defaulted on his ineffective assistance of appellate counsel claim by failing to timely file his Rule 26(B) application. (ECF No. 19-1, Exhibit 25); *Baker*, 495 F. App'x at 565. Nor has Mr. Harrell provided new, reliable evidence demonstrating that he is actually innocent of the relevant offenses. I recommend that the Court dismiss Mr. Harrell's third ground for relief as procedurally defaulted.

### 2.  Merits

In the alternative, I recommend that the Court deny Mr. Harrell's claim on the merits, as the claim fails for at least two reasons. First, because the claim relates to an alleged pre-plea violation, Mr. Harrell waived it by entering an unconditional guilty plea. *See Tollett*, 411 U.S. at 267; *Obermiller v. Shoop*, No. 1:19 CV 2193, 2024 WL 4349435, at *32 (N.D. Ohio Sept. 30, 2024) (holding that, by entering guilty plea, petitioner waived claim that privilege against self-incrimination was violated by pre-plea introduction of testimony). Second, even if Mr. Harrell had not waived his self-incrimination claim through the plea, he has not shown that the prosecution or the trial court violated his right against self-incrimination.

The Fifth Amendment provides in relevant part that no person "shall be compelled in any criminal case to be a witness against himself . . . ." U.S. CONST. amend. V.  The right to remain silent is "a fundamental trial right of criminal defendants." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990).

Mr. Harrell does not argue that the State introduced incriminating out-of-court statements that Mr. Harrell made. Instead, he argues that the prosecution and the trial court discussed facts that, he believes, only could have come from a privileged conversation Mr. Harrell had with his counsel. Mr. Harrell further asserts that he was so disturbed by the fact that the prosecution and the trial judge knew about the information that it convinced him the proceeding was rigged against him, thereby coercing him into accepting a plea.

It is true that the privilege against self-incrimination "bars the introduction of a criminal defendant's out-of-court statements obtained by compulsion." *Vega v. Tekoh*, 597 U.S. 134, 141 (2022). However, Mr. Harrell does not allege that the prosecution introduced his out-of-court statements—whether obtained under compulsion or otherwise—into evidence. Instead, he argues only that the prosecution and the trial court referenced certain

33

factual information that, he believes, could only have come from privileged conversations that he had with his lawyer. Mr. Harrell does not cite to any clearly established Supreme Court law holding that the Fifth Amendment is violated under those circumstances.

Mr. Harrell further argues that he is entitled to habeas relief because the prosecution's actions constituted prosecutorial misconduct. "Prosecutorial misconduct can merit habeas relief only if the prosecutor's remarks render the trial so unfair as to be a denial of due process." *Moore v. Mitchell*, 708 F.3d 760, 799 (6th Cir. 2013). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). The prosecution's remarks "must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error. In other words, the Court must consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly." *United States v. Young*, 470 U.S. 1, 12 (1985). In addition, a harmless error analysis applies to prosecutorial misconduct claims on habeas review. *See Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005).

As an initial matter, Mr. Harrell waived his prosecutorial misconduct claim under *Tollett* by entering into an unconditional guilty plea. *See United States v. Ayantayo*, 20 F. App'x 486, 488 (6th Cir. 2001) (holding that a defendant waives a prosecutorial conduct claim by pleading guilty "unless it appears from the face of the indictment or the record at the time the guilty plea was entered that the government lacked the power to prosecute"). Even if he had not waived the claim, however, Mr. Harrell has not shown that any alleged prosecutorial misconduct rendered his trial so unfair as to constitute a denial of due process. He has not provided any concrete evidence establishing that the prosecution invaded his attorney-client

34

privilege. Even assuming they did, Mr. Harrell has not established that the prosecution's actions impacted the jury's ability to judge the evidence fairly. I alternatively recommend that the Court deny Mr. Harrell's third ground for relief on the merits.

### D.  Ground Four: Confrontation Clause

In his fourth and final ground for relief, Mr. Harrell asserts that his rights under the Confrontation Clause of the Sixth Amendment were violated because his counsel failed to call witnesses that would have been helpful to Mr. Harrell's defense. I agree with Respondents that this claim is both procedurally defaulted and without merit.

#### 1.  Procedural Default

As with Mr. Harrell's second and third grounds for relief, Mr. Harrell did not present his Confrontation Clause claim in his direct appeal to the Ninth Appellate District. Mr. Harrell did raise the claim in his Rule 26(A) motion for reconsideration and his state court habeas petition. (ECF No. 19-1, Exhibits 20, 46). However, the Ninth Appellate District denied Mr. Harrell's Rule 26(A) motion as untimely. (ECF No. 19-1, Exhibit 23). And, as discussed above, Mr. Harrell's state court habeas petition did not fairly present the claim because habeas petitions are not a valid ground under Ohio law to raise non-jurisdictional challenges to a defendant's conviction and sentence. *See Brundage*, 2025 WL 277755 at *7. Mr. Harrell has thus procedurally defaulted on his claim.

The cause and prejudice analysis also mirrors the analysis Mr. Harrell's second for third grounds for relief. While Mr. Harrell argues that he did not raise the argument in his direct appeal because he received the ineffective assistance of appellate counsel, he procedurally defaulted on his ineffective assistance of appellate counsel claim because he did not timely file his Rule 26(B) application and because the Ninth Appellate District enforced the procedural bar. (ECF No. 19-1, Exhibit 25). Mr. Harrell does not argue that he has any

35

other cause to excuse the default. Nor has he provided new, reliable evidence demonstrating that he is actually innocent. Accordingly, I recommend that the Court dismiss Mr. Harrell's fourth ground for relief as procedurally defaulted.

### 2. Merits

Alternatively, I recommend that the Court deny Mr. Harrell's claim on the merits. The Confrontation Clause provides that "the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Supreme Court has "held that this bedrock procedural guarantee applies to both federal and state prosecutions." *Crawford v. Washington*, 541 U.S. 36, 42 (2004). The Confrontation Clause also applies both to in-court testimony and to out-of-court statements introduced at trial. *Id*. at 50-51.

In *Crawford*, the Supreme Court held that the Confrontation Clause applies only to statements that are "testimonial," meaning statements that involve "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id*. at 51 (quoting 2 N. Webster, An American Dictionary of the English Language (1828)). If hearsay evidence is testimonial, "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Id*. at 68. Thus, after *Crawford*, "[t]he Confrontation Clause bars the admission of out-of-court testimonial statements made by an unavailable witness when those statements are offered to prove the truth of the matter asserted and when the defendant did not have a previous opportunity to cross-examine the witness." *Berry v, Capello*, 576 F. App'x 579, 585 (6th Cir. 2014) (citing *Crawford*, 541 U.S. at 53-54).

Mr. Harrell's Confrontation Clause claim fails for at least two reasons. First, as noted above, Mr. Harrell pled guilty, which means that he has waived his ability to challenge any alleged pre-plea constitutional violations. *See Tollett*, 411 U.S. at 267; *Sellers v. Ruehlman*,

No. 1:07-CV-00842, 2009 WL 347654, at *4 (S.D. Ohio Feb. 10, 2009) ("petitioner's guilty plea forecloses the Confrontation Clause challenge in this habeas corpus proceeding") (report and recommendation). Second, Mr. Harrell's claim fails because he does not allege that the trial court admitted out-of-court testimonial statements without giving him the opportunity to cross-examine the witness. Instead, he argues only that his trial counsel failed to call witnesses that Mr. Harrell believes would have been favorable to his defense. Because Mr. Harrell does not identify any "testimonial" out-of-court statements that were offered against him for the truth of the matter asserted, his Confrontation Clause claim fails as a matter of law.

## VI. RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

### A. <u>Legal Standard</u>

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; *see also* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

**B. <u>Analysis</u>**

Mr. Harrell has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

**VII. RECOMMENDATION**

For the foregoing reasons, I RECOMMEND that the Court DISMISS and/or DENY Mr. Harrell's petition for a writ of habeas corpus under 28 U.S.C. § 2254. I also recommend that the Court not grant him a certificate of appealability.

Dated: April 4, 2025

*/s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same

argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).